IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON TEXAS

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §  4:23-cr-00358-5 |
| | § |
| V. | § |
| | § |
| SAMUEL DRAPER | § |

## OPPOSED MOTION FOR REVOCATION OF DETENTION ORDER AND RELEASE ON BOND PENDING TRIAL

**TO THE HONORABLE JUDGE LEE H. ROSENTHAL:**

Defendant Samuel Draper, by and through his attorney of record, Feroz Merchant, pursuant to 18 U.S.C. 3145(b),[1] asks the Court to revoke the detention order and release him pending trial. In support, shows:

### 1. Procedural History

On August 16, 2023, a four-count indictment was filed charging Mr. Draper and 6 other co-defendants. *Dkt 1*. On September 28, 2023, Mr. Draper appeared with counsel for his detention hearing. *Dkt. 67.* The Order of Detention Pending Trial was signed by United States Magistrate Judge Sam S. Sheldon on October 2, 2023. *Dkt. 71.*

The Pretrial Report of September 2023 states that Mr. Draper was placed on deferred adjudication on February 16, 2022, for evading and a motion to adjudicate

---

[1] "If a person is ordered detained by a magistrate judge, or by a person other than the judge of a court having original jurisdiction over the offense and other than a federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly." 18 U.S.C. 3145(b)

was filed on August 4, 2023, due to a new law violation of Engaging in Organized Criminal Activity in Harris County. Mr. Draper now has a warrant due to the motion to adjudicate on this evading case even though the Engaging in Organized Criminal Activity has now been dismissed in Harris County District Court. The Pretrial Report states that Mr. Draper, per the Harris County community supervision, and corrections department, was in compliance and appeared to be making efforts.

**II. Standard for Detention of Accused Not Presumptively Detained**

"When the district court... acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna,* 769 F.2d 243, 249 (5th Cir. 1985) (citations omitted). Additional evidence may be adduced before the Court in making its decision. *Id.* at 249-250. The rules of evidence do not apply under the express terms of the Bail Reform Act ("BRA"), and evidence that forms the basis of a detention hearing need not be admissible at trial. *Id.* at 250.

The standard required by the Act is that of an objectively reasonable assurance of community safety and appearance at trial. *U.S. v. Orta,* 760 F.2d 887 (8th Cir. 1985). With respect to the latter, an individual shall be released pending trial unless a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(e).

The Fifth Circuit has noted, "that the standard is reasonably assured appearance, not 'guarantee' appearance." *Fortna* at 250. As the Fifth Circuit has stated,

> In making a pretrial detention determination, a judicial officer must bear in mind that "passage of the pretrial detention provision of the 1984 Act did not ... signal a congressional intent to incarcerate wholesale the category of accused persons awaiting trial." United States v. Orta, 760 F.2d 887, 890 (8th Cir. 1985) (en banc). Rather, Congress was demonstrating its concern about a small but identifiable group of individuals as to whom pretrial release is inappropriate. S.Rep. No. 225, 98th Cong., 1st Sess. 6-7, reprinted in 1984 Code Cong. & Ad. News at 3189.

- *United States v. Westbrook*, 780 F.2d 1185, 1189 (5th Cir. 1986).

Defense counsel does not have any additional evidence to present to the Court but asks the Court to act de novo and make an independent determination as to whether the defendant should be detained or released pending trial.

Respectfully submitted,

   /s/    Feroz Merchant
Feroz Merchant
Attorney for defendant
State Bar No. 24014769
440 Louisiana St. Ste 200
Houston, Texas 77002
Ph. 713-224-8200
Fax 713-481-1729
fmerchant@anycrime.com

## CERTIFICATE OF CONFERENCE

On September 20, 2024, defense counsel consulted with AUSA Ralph Paradiso, who stated that the government is opposed to this motion and Mr. Draper's release pending trial.

      /s/ Feroz Merchant
Feroz Merchant

## CERTIFICATE OF SERVICE

I, Feroz Merchant, hereby certify that on September 20, 2024, a true and correct copy of the foregoing instrument was forwarded by email and ECF to AUSA Ralph Paradiso.

      /s/ Feroz Merchant
Feroz Merchant