IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23CR358-6 |
| | § | |
| JERREMY JAMES JENKINS | § | |

## RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO CERTIFY CASE AS COMPLEX

Defendant, Jerremy Jenkins, by and through undersigned counsel, hereby files this response in opposition to the Government's motion to certify this case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). While acknowledging the complexity of the case as it pertains to some of the co-defendants, the motion to certify should be denied as to Defendant Jerremy Jenkins, as it is not applicable to his specific charges, and it unreasonably delays his constitutional right to a speedy trial. In support thereof, Defendant respectfully submits the following:

### I. BACKGROUND

Defendant is one of thirteen individuals charged in the superseding indictment in this case. The superseding indictment was filed on February 27, 2025 and Defendant was arraigned on March 11, 2025. The charges against Defendant Jerremy Jenkins include conspiracy to commit robbery, conspiracy to possess with intent to distribute a controlled substance, and attempted possession with intent to

distribute a controlled substance arising from the events surrounding a July 27, 2023, controlled robbery sting. While the case against several co-defendants—particularly those charged in relation to the double homicide—may involve voluminous discovery and expert testimony, Defendant's charges are less complex, particularly in comparison to those of the homicide-related defendants.

Counsel has provided a USB drive to the Government and requested the USB and discovery be given to Counsel by April 24, 2025. To date, the discovery has not been received. The Government, however, has maintained open communication with Counsel as to the discovery. Further, the Government sent an email to all defense counsel on April 25, 2025 requested counsel's stance on a protective order for the discovery. The Government has indicated it should have discovery to all defendants in the coming weeks.

## II. Legal Standard for Complex Case Designation

Under 18 U.S.C. § 3161(h)(7)(B)(ii), the Government may seek to have a case designated as complex if it is shown that the case "is so unusual or so complex due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law" that it would be unreasonable to expect adequate preparation for trial within the time limits established by the Speedy Trial Act. The Government bears the burden of proving the necessity of such a designation.

However, complexity must relate specifically to the case at hand and not merely to the overall volume of discovery or the involvement of co-defendants.

As the Fifth Circuit has explained, complexity determination is done on a case-by-case basis and must be based on the totality of the circumstances of the case and the actual prejudice suffered by the defendant because of the delay. *United States v. Bieganowski*, 313 F.3d 264, 282 (5th Cir. 2002) *See also United States v. Franklin, 148 F.3d 451, 457 (5th Cir. 1998)*. The Supreme Court has similarly emphasized that an ends-of-justice continuance must be justified with "on-the-record findings" specific to the individual defendant. *Zedner v. United States*, 547 U.S. 489, 500 (2006).

### III. THE CASE IS NOT COMPLEX AS TO DEFENDANT JERREMY JENKINS

The Government's motion largely focuses on the complexity of the prosecution as it relates to the homicide charges and the substantial amount of discovery. While Defendant understands that the case is voluminous as to other defendants, the facts specific to Defendant's charges do not warrant a complex case designation. Defendant is not charged in the homicide counts, nor is he involved in the extensive expert testimony regarding DNA, firearms, or other technical analyses that the Government claims will make the case complex. His charges center on a robbery conspiracy and drug trafficking, which, while serious, do not involve the same level of factual complexity.

As the Fifth Circuit noted in *United States v. Franklin*, 148 F.3d 451, 457 (5th Cir. 1998), although joinder may be efficient, it cannot be used to justify excessive delay for a defendant whose case is relatively straightforward. The court cautioned that complexity related to co-defendants cannot be used to justify indefinite or prejudicial delay for a particular defendant. *Id.*

Moreover, Defendant has expressed a desire to proceed to trial promptly and is ready to proceed on the scheduled trial date of May 12, 2025. Any delay related to complexity that is not applicable to his case is unjustified and infringes on his right to a speedy trial under the Sixth Amendment, as emphasized in *Barker v. Wingo*, 407 U.S. 514 (1972), where the Supreme Court reaffirmed the importance of a defendant's right to a speedy trial, particularly when the delay is unrelated to the defendant's own case.

### IV. SEVERANCE AND SPEEDY TRIAL CONSIDERATIONS

In the event the Court certifies the case as complex due to the other defendants' involvement, Defendant requests severance from the remaining defendants to proceed with his trial on the current schedule. As recognized in *Zafiro v. United States*, 506 U.S. 534 (1993), severance is appropriate when the prejudice resulting from a joint trial outweighs the efficiency of trying multiple defendants together. Given that Defendant is not involved in the homicide charges, the complexity of evidence and expert testimony pertaining to those charges does not impact his case

and should not delay his trial. Additionally, the *Zafiro* Court observed that prejudice can arise when a defendant's case is complicated by the introduction of evidence that does not pertain to him. *Id.* at 539.

The complexity of the prosecution as it pertains to other defendants should not impose a delay on Defendant's right to a fair and speedy trial. Proceeding with Defendant's trial while the Government continues to prepare its case against the other co-defendants will serve the interests of justice and uphold Defendant's constitutional rights.

## V. Conclusion

For the foregoing reasons, Defendant respectfully requests that the Court deny the Government's motion to certify the case as complex as to Defendant Jerremy Jenkins. Alternatively, Defendant requests severance and that his trial proceeds on the currently scheduled date of May 12, 2025.

Respectfully submitted,
*/s/ Raymundo J. Vazquez*
Raymundo J. Vazquez
State Bar of Texas: 24094996
Federal Bar: 2600981
1620 S. Friendswood Dr.
Suite 288A
Friendswood, TX 77546
(832) 343-8023

*Attorney for Defendant*

CERTIFICATE OF SERVICE

 I, Raymundo J. Vazquez, certify that a true and correct copy was delivered to the Government and current counsel via email on April 25, 2025.

            */s/ Raymundo J. Vazquez*
            Raymundo J. Vazquez