IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:23CR358-6 |
| | § | |
| JERREMY JAMES JENKINS | § | |

### DEFENDANT'S MOTION TO SET BOND AND INCORPORATED MEMORANDUM OF LAW

TO THE HONORABLE JUDGE LEE H. ROSENTHAL:

COMES NOW, the Defendant, Jerremy James Jenkins, by and through undersigned counsel, and respectfully moves this Honorable Court to set a reasonable bond and release him on appropriate conditions pursuant to 18 U.S.C. § 3142. In support of this motion, Defendant submits the following:

### I. PROCEDURAL BACKGROUND

Defendant is charged in a superseding indictment with conspiracy to interfere with commerce by robbery, drug trafficking conspiracy and attempt, and possession of a firearm in furtherance of a drug trafficking crime. These charges carry serious potential penalties; however, the facts specific to this Defendant show he played a minimal and peripheral role in the alleged conduct. In addition, the

government has filed a Motion to Certify this case as Complex. Defendant plans to object to the motion, given that he is currently detained.

Initially released on bond, Defendant was later detained following concerns about social media activity. He now respectfully seeks a fresh opportunity for release under more restrictive conditions—conditions that directly and responsibly address the Court's prior concerns.

## II. Legal Standard

Under the Bail Reform Act, 18 U.S.C. § 3142, release is favored unless the government proves either: by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of the community, or by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the defendant's appearance as required.

Even when a rebuttable presumption under § 3142(e)(3) applies, it does not eliminate the court's discretion. Once rebutted, the Court must assess all factors under § 3142(g) and consider the least restrictive conditions that will satisfy the statute.

## III. ARGUMENT

### A. Nature and Circumstances of the Offense (§ 3142(g)(1))

The Government alleges a multi-defendant conspiracy involving robbery and drug trafficking. Yet, by its own admission, Defendant was merely a passenger in a vehicle used as a lookout and was not involved in any planning meetings or decision-making. He did not possess a weapon, did not coordinate with the confidential informant, and had no leadership or organizational role.

### B. Weight of the Evidence (§ 3142(g)(2))

The Government's case against this Defendant, while sufficient to establish probable cause, is notably less substantial than that against others. There is no forensic evidence tying him to drugs, weapons, or proceeds. His alleged role as a passive passenger makes him one of the least culpable individuals named in the indictment.

### C. History and Characteristics of the Defendant (§ 3142(g)(3))

Defendant is a young man with no prior convictions. He has deep roots in this community, where he has lived his entire life. He graduated from high school and has applied to Houston Community College, but was unable to enroll due to the pending charges. He now has employment waiting for him with his father's company and will continue to seek enrollment at Houston Community College.

Defendant's family, including his mother, father, and sister are all willing to support and supervise him. Most notably, Defendant's grandmother is currently battling breast cancer and kidney failure, and his presence at home is both meaningful and stabilizing for his family during this incredibly difficult time. Latarsha Missouria, the proposed third-party custodian, is a U.S. citizen employed by Houston ISD, with no criminal record. She is willing and able to supervise Defendant full-time and report any violations to the Court.

## D. Danger to the Community (§ 3142(g)(4))

While previous concerns arose based on social media activity, Defendant is now proposing strict and enforceable conditions of release that directly respond to those issues, including:

- Home detention with electronic monitoring
- Mandatory drug testing
- Complete prohibition on social media use
- Full-time supervision by a third-party custodian
- No contact with co-defendants or witnesses
- Mandatory employment or education
- No new possession of firearms.

These conditions are not only appropriate but are sufficient to assure both public safety and compliance.

## IV. Conclusion

This Court is empowered—and encouraged—to look beyond the offense itself and consider the unique characteristics of the individual. Here, Defendant presents a compelling picture: a non-violent, first-time offender with strong community support, minimal alleged involvement, no prior convictions, and a realistic plan for accountability and rehabilitation.

Defendant respectfully asks this Court to exercise its discretion to allow him to await trial under strict conditions that serve both the interests of justice and the safety of the community.

WHEREFORE, Defendant prays that the Court: Grant this motion and set a reasonable bond; Impose the proposed release conditions outlined above; and grant any such other and further relief as justice may require.

> Respectfully submitted,
> */s/ Raymundo J. Vazquez*
> Raymundo J. Vazquez
> State Bar of Texas: 24094996
> Federal Bar: 2600981
> 1620 S. Friendswood Dr.
> Suite 288A
> Friendswood, TX 77546
> (832) 343-8023
>
> *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I, Raymundo J. Vazquez, certify that a true and correct copy was delivered to the Government and current counsel via email on April 25, 2025.

*/s/ Raymundo J. Vazquez*
Raymundo J. Vazquez

## CERTIFICATE OF CONFERENCE

I, Raymundo J. Vazquez, have conferred with counsel for the Government and the Government is OPPOSED to this motion.

*/s/ Raymundo J. Vazquez*
Raymundo J. Vazquez