**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Case No.** 23-00358-05-CR-H-LHR |
| **TYRONE RAYMOND BOLTON** | |
| Defendants. | |

**RESPONSE TO DEFENDANT'S MEMORANDUM REGARDING**
**DETENTION HEARINGS AND SUPERSEDING INDICTMENTS**

## I.   BACKGROUND

On August 16, 2023, a federal grand jury seated in Houston, Texas, returned an indictment in case number 23-00359 charging Defendant with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); conspiracy to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; attempted possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846; and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2. (D.E. 59.) A warrant was promptly issued for Defendant's arrest. On August 24, 2023, Defendant was arrested and made an initial appearance before the Honorable Yvonne Y. Ho, United States Magistrate Judge, Southern District of Texas. The Government moved for Defendant's detention and he was ordered temporarily detained pending a formal detention hearing. (D.E. 21.) On August 30, 2023, the parties appeared for a detention hearing before the Honorable Peter Bray, United States Magistrate Judge, Southern District of Texas, and made arguments regarding detention. Additionally, the Government introduced evidence through the

testimony of Task Force Officer Joshua Hunt regarding Defendant's role in the charged offenses. (D.E. 90.) Judge Bray ordered Defendant detained and filed a written order of detention following the hearing. (D.E. 55.) In his order, Judge Bray noted the dangerousness of Defendant's conduct and fact that he was on bond in a state case involving drug and firearms at the time of the alleged offenses. (D.E. 55.)

On February 21, 2024, a federal grand jury seated in Houston, Texas, returned a superseding indictment in case number 23-00359, which added an additional defendant to all counts.

On February 27, 2025, a federal grand jury seated in Houston, Texas, returned a superseding indictment in the above-captioned matter charging Defendant with four counts, two of which are identical to those charged in case number 23-00359. (D.E. 113.) The superseding indictment also charges conspiracy to commit Hobbs Act robbery and conspiracy to possess with intent to distribute controlled substances. Defendant is named in those counts and the alleged conspiracies overlap and subsume the conspiracies Defendant was originally charged with in case number 23-00359. In short, the superseding indictment in the above-captioned matter effectively merged Defendant's charges in case number 23-00359 into the present case. On March 10, 2025, and March 21, 2025, Defendant made an initial appearance and was arraigned in the present case. At those hearings, Defendant reserved his right to a new detention hearing in the above-captioned matter. Defendant subsequently expressed to the undersigned counsel that he intended to seek a new detention hearing on this superseding indictment.

On May 22, 2025, the Government filed a motion for a detention hearing in light of Defendant's request. (D.E. 208.) On May 26, 2025, the Government filed a motion to dismiss case

number 23-00359, as those charges have been merged with the present case. On June 4, 2025, the parties appeared before Judge Bray to address the Government's request for a detention hearing. The Court ordered Defendant to submit a memorandum regarding any new evidence he would submit for a detention hearing in the present case, and the Government was ordered to respond within seven days. On June 22, 2025, Defendant filed a memorandum outlining authority supporting his request for a new detention hearing.

## II.     DISCUSSION

In his memorandum, Defendant does not offer any new evidence that would warrant the Court effectively revisiting its decision to detain Defendant in case number 23-00359. The charges in the present case are substantially identical and are based on the same underlying conduct. To the extent there has been any change, the superseding indictment weighs even more heavily in favor of detention, as it now alleges Defendant was part of a much larger conspiracy to commit armed robberies that resulted in multiple deaths. At a detention hearing in the above-captioned matter, the Government would simply rely upon the pretrial services report in case number 23-00359 and a transcript of Defendant's detention hearing in August 2023, which contains testimony outlining Defendant's role in the alleged offenses. This information was more than sufficient to justify Defendant's detention in August 2023 and the same is true in June 2025. Given the absence of any new, relevant information, the Government submits that the Court may simply take judicial notice of the pretrial services report (D.E. 53) and testimony (D.E. 90) in case number 23-00359 and order Defendant detained in the present case.

### III.  CONCLUSION

For the foregoing reasons and in the absence of new evidence bearing on detention, the Government respectfully submits that the Court enter an order detaining Defendant without further hearing.

>    NICHOLAS J. GANJEI
>    United States Attorney
>    Southern District of Texas
>
> By  _/s/ Byron H. Black_
>    Byron H. Black
>    Assistant United States Attorney
>    SDTX Fed. No. 3874745
>    1000 Louisiana Street, Suite 2300
>    Houston, Texas 77002
>    Telephone: (713) 567-9432
>    Email: Byron.Black@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on June 26, 2025, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

_/s/ Byron H. Black_
Byron H. Black
Assistant United States Attorney