UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**,

Plaintiff,

v.

**Case No.** 23-00358-08-CR-H-LHR

**DEWAYNE DONNELL CHAMPION**,

Defendant.

GOVERNMENT'S OMNIBUS
RESPONSE TO DEFENDANT'S PRETRIAL MOTIONS

The Government respectfully requests that this Court deny Defendant's various motions filed on January 7, 2026, (D.E. 236–38), and in support thereof offers the following:

## I. PROCEDURAL HISTORY

On February 27, 2025, a federal grand jury seated in Houston, Texas, returned a superseding indictment in the above-captioned matter charging Defendant and his co-defendants with various offenses, including conspiracy to commit Hobbs Act robbery, conspiracy to possess with intent to distribute controlled substances, and possession of a firearm in furtherance of a drug trafficking crime. (D.E. 113.) On March 13, 2025, Defendant made an initial appearance, was arraigned, and was remanded to the custody of the United States Marshals Service pending trial. Defendant is currently detained at the Joe Corley Processing Center in Conroe, Texas. A jury trial is scheduled for March 2, 2026.

On January 7, 2025, Defendant filed three pretrial motions in the above-captioned matter. (D.E. 236–38.) In his first motion, Defendant requests a protective order allowing him access to the discovery in this case via the librarian/warden at the Joe Corley Processing Center. (D.E. 236.)

In the second motion, Defendant moves the Court for an order compelling the Government to disclose the identities of confidential informants. (D.E. 237.) Finally, in his third motion, Defendant seeks an order allowing him to prospectively adopt any objections made by his co-defendants in the present case. (D.E. 238.) For the following reasons, the Government respectfully suggests that Defendant's motions be denied.

## II. DISCUSSION

### A. Direct Access to Discovery in a Custodial Setting is Barred by a Prior Protective Order.

Defendant's request for an order allowing him direct access to discovery while in a custodial setting is unwarranted and contrary to a prior protective order. On May 12, 2025, the Government filed an unopposed Motion for a Protective Order barring defense counsel from providing copies of "witness statements, witness statement transcripts, video/audio recordings of witness interviews" to the defendants. (D.E. 200.) In support of its motion, the Government noted that direct disclosure of these materials to the defendants could expose witnesses and informants to a "significant risk of retaliation." (D.E. 200 at 5.) The Court granted the motion and entered a Protective Order on May 13, 2025. (D.E. 201.) The Government then produced discovery relying on the protections afforded by the Court's order.

Defendant now seeks to direct access to these protected materials while in custody despite the previously unopposed protective order prohibiting the same. As articulated in its Motion for a Protective Order, the Government continues to have significant concerns for witness safety, particularly given Defendant's association with a criminal enterprise "known to retaliate by using physical force, such as beatings and shooting at witnesses they believe are assisting or are cooperating with law enforcement." (D.E. 200 at 4.) Ensuring witness safety is an appropriate use of the Court's authority to enter protective orders. *E.g.*, *United States v. Carriles*, 654 F. Supp. 2d

557, 566 (W.D. Tex. 2009) ("[T]he court should seek to ensure that disclosure of discovery materials to a defendant involve[s] a minimum hazard to others." (internal quotation omitted)).

Furthermore, even if there were not concerns about Defendant himself accessing the discovery in custody, legitimate concerns about access to sensitive discovery in a custodial setting remain. Even if discovery is nominally restricted to Defendant during library hours, as proposed, the physical reality of a jail setting creates unavoidable exposure risks. Shared computers, shared spaces, and rotating staff increase the likelihood that other inmates could observe, access, or otherwise obtain information contained within the discovery materials, whether intentionally or inadvertently. These concerns cannot be overlooked.

Defendant is represented by counsel, who can review the discovery in a secure environment and discuss its contents—subject to the provision of the protective order—with Defendant through established attorney-client communications. This structure allows for review and preparation without introducing sensitive evidence into a custodial setting ill-suited to handle it. Importantly, it also allows for an appropriate balance between protecting witnesses and ensuring Defendant's ability to prepare a defense is not unreasonably impaired. For these reasons, Defendant's request to review discovery at Joe Corley should be denied.

      **B.**      **Defendant is Not Currently Entitled to Informant Identities.**

Defendant is not entitled to the identities of informants at this stage of the case and, regardless, he does not make the requisite showing for disclosure. The "informer's privilege" is a government privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to

communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Id*. Where, however, "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id*. at 60–61; *see United States v. Davis*, 443 Fed. Appx. 9, 11–12 (5th Cir. 2011).

In weighing the Government's interest in confidentiality against a defendant's interest in disclosure, the Fifth Circuit Court has established a three-factor test to determine when disclosure is mandated. *United States v. Cooper*, 949 F.2d 737, 749 (5th Cir. 1991). Under this test, the Court examines: (1) the level of the informant's participation in the alleged criminal activity; (2) the helpfulness of disclosure to any asserted defense; and (3) the Government's interest in nondisclosure (the "*Roviaro* factors"). *See Roviaro*, 353 U.S. at 62–65; *Davis*, 443 Fed. Appx. at 12; *United States v. Ibarra*, 493 F.3d 526, 531 (5th Cir. 2007); *United States v. Diaz*, 655 F.2d 580, 587–89 (5th Cir. 1981). Defendant bears the burden of showing how disclosure of the informant's identity would substantively assist his defense. *United States v. Moore*, 954 F.2d 379, 381 (6th Cir. 1992). "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure." *United States v. Sharp*, 778 F.2d 1182, 1187 (6th Cir.1985).

In his motion, Defendant only offers a vague, speculative, and generalized discussion of how informant identities may be relevant or will be helpful to a defense he has raised. Instead, his argument effectively treats pretrial interviews of confidential sources as a baseline entitlement rather than an extraordinary measure requiring a specific factual showing. Defendant also attempts to portray lack of informant disclosures at this stage as unusual, when in fact it is routine in cases investigated using confidential sources. The motion offers inadequate facts indicating that denial

of disclosure *at this time* would unfairly impair the Defendant's ability to contest the charges at trial.

Moreover, Defendant's motion asserts that the Government has "failed to articulate any valid reason for nondisclosure," but this assertion overlooks the inherent and well-recognized concerns associated with informant safety and investigative integrity. Instead, Defendant asks the Court to assume that disclosure poses no downside. The present case involves the prosecution of members and associates of a criminal enterprise engaged in armed robberies, one of which resulted in multiple deaths. This enterprise was investigated utilizing a variety of techniques, including informants. Should the identity of any informants be revealed at this stage it would expose them to potential harassment, intimidation, and unnecessarily compromise their safety. As articulated in the Government's Motion for Protective Order filed on May 12, 2025:

> The United States alleges that the Defendants are members of and/or associates of the Early Boys/Scoot-up criminal street gang who were involved in the attempted armed robbery of a rival drug trafficking organizations during daylight hours in Houston, Texas. . . . [T]he Early Boys/Scoot Up members intimidate and discourage witnesses from cooperating with law enforcement and have been known to retaliate by using physical force, such as beatings and shooting at witnesses they believe are assisting or are cooperating with law enforcement.

(D.E. 200 at 4.) Given Defendant's vague, generalized request and the very real concerns about informant safety in this case, disclosure is simply not prudent at this time.

The Government does not argue that disclosure is *never* warranted—it is simply not appropriate at this stage of the case, with trial approximately two months away. The Government will provide information on trial witnesses before trial commences, including any inducements, but must carefully weigh safety concerns when determining the timing of such disclosures.

### C.     Defendant May Not Prospectively Adopt All Motions and Objects.

Permitting Defendant to file a blanket, prospective adoption of all motions and objections by his co-defendants is not warranted in this case. Ordinarily a defendant must make his own objections to preserve an issue for appeal. *United States v. Evans*, 892 F.3d 692, 711 n.1 (5th Cir. 2018). Nonetheless, a defendant may adopt objections and motions by co-defendants, but only where "the Government has no valid objection and the district court allows it." *Id*. (*citing United States v. Whittington*, 269 Fed. Appx. 388, 400 (5th Cir. 2008); and *United States v. Bernal*, 814 F.2d 175, 182 (5th Cir. 1987)). When this is permitted, however, it is typically on an individual, motion- or objection-specific basis. *See id.*

Permitting Defendant to *prospectively* adopt *all* objections and motions filed by his co-defendants in this case relieves Defendant of the need to advance motions and objections with specificity. In turn, this places an undue burden on the Government in responding to motions and objections, as the basis for Defendant's adoption is unclear when done in such a sweeping manner. Blanket adoption of motions is also contrary to Local Criminal Rule 12, which requires motions to "state specifically the basis for the motion." CrLR 12.2. For these reasons, Defendant's motion to adopt the motions and objections of his co-defendants should be denied.

### III. CONCLUSION

WHEREFORE, based on the foregoing, the United States respectfully requests that the Court deny the motions at docket entries 236–38.

                                       NICHOLAS J. GANJEI
                                       United States Attorney
                                       Southern District of Texas

By   /s/ Byron H. Black
            Byron H. Black
            Assistant United States Attorney
            SDTX Fed. No. 3874745
            1000 Louisiana Street, Suite 2300
            Houston, Texas 77002
            Telephone: (713) 567-9432
            Email: Byron.Black@usdoj.gov

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on January 9, 2026, to the CM-ECF system of the United States District Court for the Southern District of Texas for electronic delivery to all counsel of record.

            /s/ Byron H. Black
            Byron H. Black
            Assistant United States Attorney