IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAMUEL LAMONTE DRAPER,<br><br>Defendant. | Case No. 23-00358-12-CR-H-LHR |

### PLEA AGREEMENT

The United States of America, by and through Nicholas J. Ganjei, United States Attorney for the Southern District of Texas, Byron H. Black, Assistant United States Attorney, Justin G. Bish, Trial Attorney, Violent Crime and Racketeering Section, United States Department of Justice, and the defendant, Samuel Lamonte Draper ("Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure, state that they have entered into an agreement (the "Agreement"), the terms and conditions of which are as follows:

### Defendant's Agreement

1. Defendant agrees to plead guilty to a lesser-included offense of Count Two of the superseding indictment. Count Two charges Defendant with the lesser-included offense of conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. Defendant, by entering this plea, agrees that he is waiving any right to have the facts that the law makes essential to the punishment either charged in the superseding indictment, or proved to a jury or proven beyond a reasonable doubt.

## Punishment Range

2.   The *statutory* maximum penalty for each violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B), and 846 is imprisonment of not less than five years, not more than 40 years, and a fine of not more than $5,000,000. Additionally, Defendant must receive a term of supervised release after imprisonment at least four years. *See* Title 21, United States Code, Section 841(b)(1)(B). Defendant acknowledges and understands that if he should violate the conditions of any period of supervised release which may be imposed as part of his sentence, then Defendant may be imprisoned for up to three years, without credit for time already served on the term of supervised release prior to such violation. *See* Title 18, United Stated Code, sections 3559(a)(2) and 3583(e)(3). Defendant understands that he cannot have the imposition or execution of the sentence suspended, nor is he eligible for parole.

## Mandatory Special Assessment

3.   Pursuant to Title 18, United States Code, section 3013(a)(2)(A), immediately after sentencing, Defendant will pay to the Clerk of the United States District Court a special assessment in the amount of $100 per count of conviction. The payment will be by cashier's check or money order, payable to the Clerk of the United States District Court, c/o District Clerk's Office, P.O. Box 61010, Houston, Texas 77208, Attention: Finance.

## Immigration Consequences

4.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status. Defendant understands that if he is not a citizen of the United States, by pleading guilty he may be removed from the United States, denied citizenship, and denied admission to the United States in the future. Defendant understands that if he is a naturalized

United States citizen, pleading guilty may result in immigration consequences, such as denaturalization and potential deportation or removal from the United States. Defendant's attorney has advised Defendant of the potential immigration consequences resulting from Defendant's plea of guilty, and Defendant affirms that he wants to plead guilty regardless of any immigration consequences that may result from the guilty plea and conviction.

### Waiver of Appeal, Collateral Review, and Statute of Limitations

5.      Defendant is aware that Title 28, United States Code, section 1291, and Title 18, United States Code, section 3742, afford a defendant the right to appeal the conviction and sentence imposed. Defendant is also aware that Title 28, United States Code, section 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the judgment of conviction and sentence has become final. Defendant knowingly and voluntarily waives the right to appeal or "collaterally attack" the conviction and sentence, except that Defendant does not waive the right to raise a claim of ineffective assistance of counsel on direct appeal, if otherwise permitted, or on collateral review in a motion under Title 28, United States Code, Section 2255. In the event Defendant files a notice of appeal following the imposition of the sentence or later collaterally attacks his conviction or sentence, the United States will assert its rights under this agreement and seek specific performance of these waivers.

6.      Defendant also agrees that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the United States has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the Defendant, notwithstanding the

expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

7. In agreeing to these waivers, Defendant is aware that a sentence has not yet been determined by the Court. Defendant is also aware that any estimate of the possible sentencing range under the sentencing guidelines that he may have received from his counsel, the United States or the Probation Office, is a prediction and not a promise, did not induce his guilty plea, and is not binding on the United States, the Probation Office, or the Court. The United States does not make any promise or representation concerning what sentence Defendant will receive. Defendant further understands and agrees that the United States Sentencing Guidelines are "effectively advisory" to the Court. *See United States v. Booker*, 543 U.S. 220 (2005). Accordingly, Defendant understands that, although the Court must consult the Sentencing Guidelines and must take them into account when sentencing Defendant, the Court is not bound to follow the Sentencing Guidelines nor sentence Defendant within the calculated guideline range.

8. Defendant understands and agrees that each and all waivers contained in the Agreement are made in exchange for the concessions made by the United States in this Agreement.

**The United States' Agreements**

9. The United States agrees to each of the following:

(a) If Defendant pleads guilty to the lesser-included offense of Count Two of the superseding indictment and persists in that plea through sentencing, and if the Court accepts this Agreement, the United States will move to dismiss any remaining counts of the indictment at the time of sentencing. Defendant agrees that with respect to any and all dismissed charges he is not a 'prevailing party within the meaning of the 'Hyde Amendment,' Section 617, P.L. 105-119 (Nov. 26, 1997),

4

and will not file any claim under that law;

    (b)    If the Court determines that Defendant qualifies for an adjustment under U.S.S.G. § 3E1.1(a), and the offense level prior to operation of § 3E1.1(a) is 16 or greater, the United States will move under § 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his intent to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the United States and the Court to allocate their resources more efficiently.

### Agreement Binding—Southern District of Texas Only

10.    The United States Attorney's Office for the Southern District of Texas agrees that it will not further criminally prosecute Defendant in the Southern District of Texas for the specific conduct described in the superseding indictment. This plea agreement binds only the United States Attorney's Office for the Southern District of Texas and Defendant. It does not bind any other United States Attorney's Office. The United States Attorney's Office for the Southern District of Texas will bring this Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested.

### United States' Non-Waiver of Appeal

11.    The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right:

    (a)    to bring the facts of this case, including evidence in the files of the United States Attorney's Office for the Southern District of Texas or the files of any investigative agency, to the attention of the Probation Office in connection with that office's preparation of a presentence report;

    (b)    to set forth or dispute sentencing factors or facts material to sentencing;

    (c)    to seek resolution of such factors or facts in conference with Defendant's counsel and the Probation Office;

(d) to file a pleading relating to these issues, in accordance with section 6A1.2 of the United States Sentencing Guidelines and Title 18, United States Code, section 3553(a); and

(e) to appeal the sentence imposed or the manner in which it was determined.

### Sentence Determination

12. Defendant is aware that the sentence will be imposed after consideration of the United States Sentencing Guidelines and Policy Statements, which are only advisory, as well as the provisions of Title 18, United States Code, Section 3553(a). Defendant nonetheless acknowledges and agrees that the Court has authority to impose any sentence up to and including the statutory maximum set for the offense to which Defendant pleads guilty, and that the sentence to be imposed is within the sole discretion of the sentencing judge after the Court has consulted the applicable Sentencing Guidelines. Defendant understands and agrees that the parties' positions regarding the application of the Sentencing Guidelines do not bind the Court and that the sentence imposed is within the discretion of the sentencing judge. If the Court should impose any sentence up to the maximum established by statute, or should the Court order any or all of the sentences imposed to run consecutively, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Agreement.

### Rights at Trial

13. Defendant understands that by entering into this Agreement, he surrenders certain rights as provided in this Agreement. Defendant understands that the rights of a defendant include the following:

(a) If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree.

(b)     At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses, and his attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on his own behalf. If the witnesses for Defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court; and

(c)     At a trial, Defendant could rely on a privilege against self-incrimination and decline to testify, and no inference of guilt could be drawn from such refusal to testify. However, if Defendant desired to do so, he could testify on his own behalf.

### Factual Basis for Guilty Plea

14.     Defendant is pleading guilty because he is in fact guilty of the lesser-included charge contained in Count Two of the superseding indictment. If this case were to proceed to trial, the United States could prove each element of the offense beyond a reasonable doubt. The following facts, among others would be offered to establish Defendant's guilt:

Beginning on or about April 14, 2023, and continuing to on or about August 25, 2023, in the Houston Division of the Southern District of Texas, Defendant and others named in the superseding indictment did knowingly and intentionally combine, conspire, confederate, and agree together and with each other, and with persons known and unknown, to possess with the intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, its salts, optical and geometric isomers and salt of isomers, a Schedule II controlled substance.

Specifically, on July 27, 2023, multiple coconspirators, including the Defendant, met at a hotel in Houston, Texas, in advance of a planned robbery of 122 kilograms of cocaine from a location at 16019 Clay Road, Houston, Texas, based on information provided covertly by the Federal Bureau of Investigation ("FBI"). During the meeting, the coconspirators discussed their plan to steal the drugs using firearms if necessary. Prior to departing the hotel to conduct the robbery, law enforcement observed various conspirators changing their clothes or adding clothing such as hoodies to disguise their appearance. The conspirators then entered their respective vehicles to depart from the location. Four conspirators entered a red Toyota Camry, two, including the Defendant, entered a grey Dodge Charger, and another was in a Mitsubishi Outlander. Defendant was the driver of the grey Dodge Charger.

Agents conducting surveillance observed the vehicles, including Defendant's Dodge Charger, making their way to the robbery location where 122 kilograms of cocaine were purportedly stored in Houston, Texas. Upon arriving in the area, Defendant pulled into a convenience store nearby and reversed into a parking spot, allowing him to surveil a gate to the robbery location. The remaining vehicles pulled up to the robbery location and four individuals exited their vehicles. Agents observed the individuals to be wearing masks, gloves, and other concealing clothing. Video surveillance in the robbery location showed four armed individuals enter the building and search for the cocaine. The four advanced on the robbery location and kicked in the door. When they entered, they possessed long guns and handguns with extended magazines. The four conducted a sweep of the location and tactical search. They then searched under a gray tarp for the cocaine but did not find any.

At about the time the four persons entered the robbery location, Defendant's Dodge Charger left the convenience store and entered the property. Shortly, thereafter, the Camry and the Charger leave the area at a high speed. All vehicles leave the vicinity going north on Highway 6 and conduct countersurveillance.

Law enforcement conducted a traffic stop of Defendant's Dodge Charger for traffic violations. Defendant, the driver, was removed from the vehicle and a pat down was conducted but nothing was found. A coconspirator was identified as his passenger at that time. Defendant admits and agrees that he conspired with others to acquire over 500 grams of cocaine for the purpose of distribution on or about July 27, 2023, within the Southern District of Texas.

**Breach of Plea Agreement**

15. If Defendant should fail in any way to fulfill completely all of the obligations under this Agreement, the United States will be released from its obligations under the Agreement, and Defendant's plea and sentence will stand. If at any time Defendant retains, conceals, or disposes of assets in violation of this Agreement, including required financial information, or if Defendant knowingly withholds evidence or is otherwise not completely truthful with the United States, then the United States may move the Court to set aside the guilty plea and reinstate prosecution. Any information and documents that have been disclosed by Defendant, whether prior to or subsequent to this Agreement, and all leads derived therefrom, will be used against Defendant in any prosecution.

## Monetary Penalties, Assets and Financial Disclosures

16. Defendant understands and agrees that monetary penalties will be subject to immediate enforcement as provided in 18 U.S.C. § 3613 and that monetary penalties will be submitted to the Treasury Offset Program so that payments to the Defendant may be applied to federal debts.

17. Defendant understands that restitution, forfeiture, and fines are separate components of sentencing and are separate obligations. Defendant agrees to take all steps necessary to pass clear title to forfeitable assets to the United States and to assist fully in the collection of restitution and fines. Subject to the provisions of paragraph 7 above, Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, any restitution order, any forfeiture orders, and any fines.

## Financial Statement

18. Defendant agrees to truthfully complete under penalty of perjury, within thirty days of the execution of this Agreement, a financial statement on a form provided by the United States Attorney's Office and to update the statement within seven days of any material change. Defendant also agrees to make full disclosure to the United States Probation Office of all current and anticipated assets in which Defendant has an interest both before sentencing and again before termination of supervised release or probation, with such disclosures to be shared with the United States Attorney's Office.

19. Defendant further agrees not to dispose or transfer any assets without the prior written permission of the United States and to authorize the release of all financial information requested by the United States, including, but not limited to, credit histories and tax returns.

Defendant agrees to discuss and answer any questions by the United States relating to Defendant's financial disclosure, including in a deposition or informal debtor exam, whether before or after sentencing.

## Complete Agreement

20. This written Agreement, consisting of 13 pages, including the attached addendum of Defendant and his attorney, constitutes the complete Agreement between the United States, Defendant, and Defendant's counsel. Other than any written proffer agreement(s) that may have been entered into between the United States and Defendant, this Agreement supersedes any prior understandings, promises, agreements, or conditions between the United States and Defendant. No additional understandings, promises, agreements, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties. Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

21. Any modification of this Agreement must be in writing and signed by all parties.

Filed at \_\_\_HOUSTON\_\_\_, Texas, on \_\_\_MARCH 10\_\_\_, 2026.

_____
Defendant

Subscribed and sworn to before me on \_\_\_MARCH 10\_\_\_, 2026.

United States District Clerk

By: _____
Deputy United States District Clerk

APPROVED:

NICHOLAS J. GANJEI
United States Attorney
Southern District of Texas

By: _____
Assistant United States Attorney
Southern District of Texas

_____
Attorney for Defendant

_____
Trial Attorney
Violent Crime and Racketeering Section
U.S. Department of Justice
11

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 23-00358-12-CR-H-LHR

SAMUEL LAMONTE DRAPER,

    Defendant.

## PLEA AGREEMENT—ADDENDUM

I have fully explained to Defendant his rights with respect to the pending superseding indictment. I have reviewed the provisions of the United States Sentencing Commission's Guidelines Manual and Policy Statements and I have fully and carefully explained to Defendant the provisions of those Guidelines which may apply in this case. I have also explained to Defendant that the Sentencing Guidelines are only advisory and the court may sentence Defendant up to the maximum allowed by statute per count of conviction. Further, I have carefully reviewed every part of this Agreement with Defendant. To my knowledge, Defendant's decision to enter into this agreement is an informed and voluntary one.

_____      ___3/10/26___
Attorney for Defendant                         Date

12

I have consulted with my attorney and fully understand all my rights with respect to the superseding indictment pending against me. My attorney has fully explained, and I understand, all my rights with respect to the provisions of the United States Sentencing Commission's Guidelines Manual which may apply in my case. I have read and carefully reviewed every part of this Agreement with my attorney. I understand this agreement and I voluntarily agree to its terms.

_____    _3/10/26_____
Defendant                                      Date