United States District Court
Southern District of Texas
**ENTERED**
March 11, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | CRIM. NO. 4:23-cr-358-12 |
| SAMUEL LAMONTE DRAPER., | § § | |
| Defendant. | § § | |

## REPORT AND RECOMMENDATION

The United States Magistrate Judge submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b). This case has been referred to the United States Magistrate Judge to accept a felony guilty plea and conduct allocution pursuant to Federal Rule of Criminal Procedure 11. All parties waived the right to plead guilty before a United States District Judge and consented in writing to proceed before a United States Magistrate Judge.

On March 10, 2026, Defendant Samuel Lamonte Draper ("Defendant"), and counsel appeared in open court before the undersigned magistrate judge for the purpose of entering a guilty plea, with a plea agreement, to a **lesser-included offense**[1] in Count Two of the Indictment, charging him with

---

[1] The Court notes that under Federal Rule of Criminal Procedure 31(c), a defendant may be found guilty of a lesser-included offense whether or not it was charged in the indictment, as proof of the substantive crime is proof of the lesser included offense. *United States v.*

conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, in violation of Title 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

After conducting the proceeding in the form and manner prescribed by Rule 11 of the Federal Rules of Criminal Procedure, this court makes the following findings of fact:

1. Defendant, after consultation with counsel of record and with the approval of the government, has knowingly and voluntarily consented to be advised of his rights and to enter a plea of guilty before a U.S. Magistrate Judge subject to final approval and imposition of sentence by Senior United States District Judge Lee H. Rosenthal.

2. Defendant is fully competent and capable of entering an informed plea.

3. Defendant is aware of the nature of the charge, the maximum and minimum punishment range and other penalties that may be imposed at sentencing.

4. Defendant understands his constitutional and statutory rights and wishes to waive those rights.

5. Defendant understands that the sentencing judge is not bound by any recommendation on sentencing made by either counsel for the government or counsel for the defendant, and that if a recommendation on sentencing is not followed by the sentencing judge, he may not withdraw his plea of guilty.

---

*Castro-Trevino*, 464 F.3d 536, 542-43 (5th Cir. 2006).

6. Defendant's plea of guilty is a knowing and voluntary plea, supported by an independent basis in fact containing each of the essential elements of the **lesser-included offense** charged in Count Two of the Indictment.

Based upon the foregoing, it is **RECOMMENDED** that the guilty plea of Defendant as to the **lesser-included offense** in Count Two of the Indictment be accepted by the court and that Defendant be adjudged guilty of the **lesser-included offense** in Count Two of the Indictment.

The Clerk shall send copies of this Report and Recommendation to the respective parties who have fourteen (14) days from the receipt thereof to file written objections thereto pursuant to General Order 2002-13. Failure to file written objections within the time mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas, this 10th day of March 2026.

_____
Richard W. Bennett
United States Magistrate Judge