United States District Court
Southern District of Texas

**ENTERED**

March 23, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 23-358-13 |
| JEREMY JAMES JENKINS, | § | |

**ORDER**

The defendant, Jeremy James Jenkins, has moved the court to sever his trial from that of his codefendants or, in the alternative, to sever certain counts.  (Docket Entry No. 247).  The superseding indictment charges 13 defendants.  (Docket Entry No. 113).  Jenkins is charged with conspiracy to interfere with commerce by robbery, (Count One), conspiracy to possess with intent to distribute controlled substances, (Count Two), attempt to possess with intent to distribute a controlled substance, (Count Twelve), and possession of a firearm in furtherance of a drug trafficking crime, (Count Thirteen).  (*Id.* at 2–4, 13–14).  Only three of the defendants are charged in Counts Six through Eleven, which allege murder in the aid of racketeering and various firearm charges related to a July 19, 2023, home invasion.  (*Id.* at 7–13).  Jenkins argues that most of the counts allege conduct that has nothing to do with him and that it would be unfairly prejudicial to try him in a case "dominated by violent, emotional, or otherwise 'mountainous' evidence that does not apply to him."  (Docket Entry No. 247 at 5, 9).

"Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir.1995) (citing *United States v. Park*, 531 F.2d 754, 761 (5th Cir. 1976)).  Under Rule 8, joinder of defendants is appropriate if the defendants "are alleged to have participated in the same act or transaction, or in

the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Defendants named in the same indictment should generally be tried together, particularly when they are allegedly members of a conspiracy." *United States v. Booker*, 334 F.3d 406, 415 (5th Cir. 2003). However, if the joinder of offenses or defendants in an indictment appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide other relief. FED. R. CRIM. P. 14(a). "[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539.

The court denies the motion to sever. Jenkins is charged in multiple conspiracy counts alleging his involvement in a violent robbery crew alongside the twelve codefendants. The government alleges that Jenkins was involved in an attempted robbery on July 27, 2023, not knowing that the robbery was an FBI sting operation. (Docket Entry No. 248 at 7; Docket Entry No. 113 at 14–16). Although Jenkins's alleged involvement in the July 27, 2023, incident was only as a lookout and security, the government proffers that the trial evidence will show that it was common for members of the robbery crew to alternate positions for different robberies. (*Id.* at 7–8). The government also proffers that it expects the trial evidence will show that all the counts and codefendants are "intrinsically intertwined" and that multiple defendants involved in the July 27, 2023, robbery in which Jenkins was involved, the July 19, 2023, home invasion that resulted in two murders, and an earlier July 14, 2023, robbery overlapped. (*Id.* at 9 (a chart depicting overlapping defendants involved in different robberies)).

Jenkins was allegedly a member of the robbery crew and is charged in both conspiracy counts. By contrast, the authorities that Jenkins cites did not charge a conspiracy, did not charge

2

the defendant seeking severance with conspiracy, or had defendants who were significantly less connected with the violent aspects of the conspiracy than Jenkins is alleged to be here. *See, e.g., United States v. Erwin*, 793 F.2d 656, 665–66 (5th Cir. 1996) (holding that the count against the defendant should have been severed because she was charged in a peripheral perjury count and was not charged with conspiracy); *United States v. Cortinas*, 142 F.3d 242, 248–49 (5th Cir. 1998) (holding that the charges against the defendants should have been severed because neither defendant was associated with the violent motorcycle gang that joined the conspiracy after the defendants' involvement had ended); *United States v. McRae*, 702 F.3d 806, 822–828 (5th Cir. 2012) (holding that the defendant should have been severed because he was on the "fringes" of the so-called "Fourth District Fraternity"; the Fifth Circuit explained that it was of "significance" that no conspiracy was charged); *see also United States v. Bieganowski*, 313 F.3d 264, 288 (5th Cir. 2002) (distinguishing *Cortinas* in part because in that case, "the defendants were never associated with the gang"). Nor is it sufficient for severance that Jenkins alleges that the evidence against him is relatively limited. *See United States v. Fisch*, Crim. No. H-11-722, 2015 WL 128090, at *1 (S.D. Tex. Jan. 8, 2015) ("Disparity in the evidence against one defendant as compared to another is not in itself generally a basis for severance, particularly in a conspiracy case."). The court will instruct the jury to consider each defendant and each count separately; severance is not justified on the present record.

The motion to sever, (Docket Entry No. 247), is denied.

SIGNED on March 23, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

3